# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

| | | |
|---|---|---|
| WENDELL R. METTS, JESSICA METTS, DONALD L. SEGUI and JACOB BRINK | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: |
| v. | ) ) ) | |
| CRYSTAL POOL SERVICE, LLC, and BELINDA H. MITCHELL | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs WENDELL R. METTS, JESSICA METTS, DONALD L. SEGUI and JACOB BRINK ("Plaintiffs") are former employees of Defendant CRYSTAL POOL SERVICE, LLC ("Crystal"). During the periods of Plaintiffs' employment Defendant Belinda H. Mitchell was an officer of Crystal who was involved in the day-to-day operations of Crystal, which included day-to-day supervision of Plaintiffs. Plaintiffs bring this action to remedy Defendants' willful and unlawful violations of federal law complained of herein.

### Nature of Action

1. This is an action for the recovery of unpaid overtime and liquidated damages owed to Plaintiffs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA").

### Jurisdiction and Venue

2. Jurisdiction in this Court is proper as Plaintiffs' claims are brought pursuant to the

1

FLSA to recover unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs of this action. Jurisdiction over this action is founded upon § 216(b) of the FLSA and 28 U.S.C. §§ 1331.

3. The acts and omissions giving rise to this action occurred in Glynn County, Georgia. Venue is therefore proper in the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C. § 1391(b).

### Parties And 29 U.S.C. § 201 Et. Seq. Coverage

4. At all times material to this action, Plaintiffs have been and remain residents of the State of Georgia, residing in Glynn County, Georgia.

5. At all times material to this action, Defendant Crystal Pool Service, LLC ("Crystal") has been and remains a resident of Glynn County, Georgia.

6. At all times material to this action, Defendant Belinda H. Mitchell ("Mitchell") has been and remains a resident of Camden County, Georgia.

7. At all times material to this action, Defendants were and remain employers within the meaning of 29 U.S.C. § 203(d).

8. At all times material to this action, Plaintiffs were employees of Defendants within the meaning of 29 U.S.C. § 203(e)(1).

9. At all times material to this action, Defendant Crystal was and remains an enterprise within the meaning of 29 U.S.C. § 203(r), because its officers and employees engaged in and continue to engage in related activities for the common business purposes of selling swimming pool cleaning and repairing services and selling swimming pool products.

10. At all times material to this action, Defendant Crystal was and remains an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s), because (i) its employees did

2

and continue to handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) it is an enterprise whose annual gross volume of sales made or business done have been and continue to be not less than $500,000.

11. At all times material to this action, Defendant Mitchell was and remains a company officer with operational control over Crystal's business.

12. At all times material to this action, Mitchell was involved in running Crystal's day-to-day operations, which included day-to-day supervision of Plaintiffs' work and their hours of work.

13. At all times material to this action, Mitchell has been an employer within the meaning of 29 U.S.C. § 203(d).

14. 29 U.S.C. § 207(a) provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate of pay for each hour employed in excess of 40 hours per week. Pursuant to this statutory provision, and at all times material to this action, Plaintiffs have been entitled to overtime pay for all hours for which they have been employed in excess of 40 hours per week.

15. Based on her status as an employer, Mitchell is jointly and severally liable along with Crystal under the FLSA's overtime provisions.

### General Allegations Regarding Plaintiffs' Hours of Work

16. Plaintiffs worked more than forty (40) hours in every workweek they were employed by Defendants.

17. Plaintiffs were not paid any overtime compensation for many workweeks in which they worked more than forty (40) hours for Defendants.

18. Defendants maintained a time clock for a period of several months during Plaintiffs'

3

periods of employment by Defendants.

19. Plaintiffs' time cards were at all times material to this action within the exclusive possession, custody and control of Defendants.

20. Defendants are under a duty imposed by 29 U.S.C. § 211 (c) to make, keep and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendants' liability can be ascertained.

21. Plaintiffs are unable to state at this time the exact amounts owing to each of them.

## Individual Allegations

### Wendell R. Metts

22. Plaintiff Wendell R. Metts was employed by Defendants as an hourly pool repairman and pool service technician.

23. His rate of pay was $20.00 per hour for a 40 hour week.

24. His proper overtime rate of pay was $30.00 per hour.

25. He was employed by Defendants from in or about late June of 2009 until May of 2010.

26. He estimates that he worked approximately 680 hours of overtime from in or about late June of 2009 until May of 2010.

27. Because he was not paid overtime or straight pay for many hours worked in excess of forty, he estimates that he was underpaid by approximately $20,400 (680 hrs. x $30.00 = $20,400) during the period of his employment by Defendants.

28. In performing his duties he, *inter alia*, handled, sold or otherwise worked on the following goods and materials that had been moved in or had been produced for commerce: a

4

truck, a cell phone, pool repairing tools and equipment, pool motors, vinyl liners, a mudhog pump, a pressure washer, pool cleaning equipment, and pool chemicals.

### Jessica Metts

29. Plaintiff Jessica Metts was employed by Defendants in an office and pool technician capacity.

30. Her rate of pay was $12.50 per hour.

31. Her proper overtime rate of pay was $18.75 per hour.

32. She was employed by Defendants from in or about late August of 2009 until May of 2010.

33. She estimates that she worked approximately 582 hours of overtime from in or about late August of 2009 until May of 2010.

34. Because she was not paid overtime or straight pay for many hours worked in excess of forty, she estimates that she was underpaid by approximately $10,912.50 (582 hrs. x $18.75 = $10,912.50) during the period of her employment by Defendants.

35. In performing her duties she, *inter alia*, handled, sold or otherwise worked on the following goods and materials that had been moved in or had been produced for commerce: a telephone with land line, a cell phone, a computer, office equipment, a truck, vacuum hoses, pool cleaning equipment, a hammer head, and pool chemicals.

### Donald R. Segui

36. Plaintiff Donald R. Segui was employed by Defendants as an hourly pool service technician.

37. His rate of pay was $12.50 per hour.

38. His proper overtime rate of pay was $18.75 per hour.

5

39. He was employed by Defendants from in or about late July of 2009 until late January of 2010.

40. He estimates that he worked approximately 151 hours of overtime from in or about July of 2009 until late January of 2010.

41. Because he was not paid overtime or straight pay for many hours worked in excess of forty, he estimates that he was underpaid by approximately $2,831.25 (151 hrs. x $18.75 = $2,831.25) during the period of his employment by Defendants.

42. In performing his duties he, *inter alia*, handled, sold, or otherwise worked on the following goods and materials that had been moved in or had been produced for commerce: a truck, a cell phone, a hammer head, pool cleaning equipment, vacuum hoses, and pool chemicals.

### Jacob Brink

43. Plaintiff Jacob Brink was employed by Defendants as an hourly pool service technician.

44. His rate of pay was $13.75 per hour.

45. His proper overtime rate of pay was $20.63 per hour.

46. He was employed by Defendants from in or about mid-June of 2009 through early January of 2010.

47. He estimates that he worked approximately 178 hours of overtime from in or about mid-June of 2009 through early January 2010.

48. Because he was not paid overtime or straight pay for many hours worked in excess of forty, he was underpaid by approximately $3,672.14 (178 hrs. x $20.63 = $3,672.14) during the period of his employment by Defendants.

6

49. In performing his duties he, *inter alia*, handled, sold, or otherwise worked on the following goods and materials that had been moved in or had been produced for commerce: a truck, a cell phone, a hammer head, pool cleaning equipment, vacuum hoses, and pool chemicals.

## COUNT I - FLSA (Overtime Compensation)

50. Plaintiffs incorporate the allegations set forth in paragraphs 1 through 49 hereinabove.

51. In all workweeks during their employment Plaintiffs worked in excess of forty (40) hours per week for Defendants.

52. In most workweeks during their employment, Plaintiffs were not paid overtime compensation by Defendants as required by 29 U.S.C. § 207(a) of the FLSA.

53. At all times material to this action, Defendants failed to comply with 29 U.S.C. § 207(a) because Defendants failed to properly pay Plaintiffs for hours worked in excess of forty within a workweek.

54. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover from Defendants the amount of their unpaid overtime compensation.

55. Defendants' failure to pay overtime to Plaintiffs was deliberate, willful and without good faith or any legal justification.

56. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are also entitled to recover from Defendants an additional equal amount as liquidated damages.

57. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover from Defendants a reasonable attorney's fee and costs.

WHEREFORE, Plaintiffs demand judgment against Defendants for:

7

(i) their unpaid overtime;

(ii) an additional and equal amount of liquidated damages;

(iii) a reasonable attorney's fee and costs incurred in this action; and

(iv) any and all further relief that this Court determines to be just and appropriate.

Dated: December 22, 2010.

E. Michael Ruberti, Esq.
Attorney for Plaintiffs
Georgia Bar No.: 618343
2463 Demere Road
Suite 207
St. Simons Island, Georgia 31522
Telephone: (912) 634-2130
Facsimile: (912) 634-2991
Email: emr@rubertilaw.com